**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 13, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60082
Summary Calendar

MARIA GUADALUPE VELOQUIO-DE LA CRUZ,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

\* \* \* \* \*
Consolidated with:
\* \* \* \* \*

No. 03-60083

ALEJANDRO VELOQUIO-DE LA CRUZ,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29-908-530
BIA No. A36-644-036
--------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except

Petitioner Maria Guadalupe Veloquio-De La Cruz ("Veloquio") and her son, Alejandro Veloquio-De La Cruz ("Alejandro"), petition for review of the Board of Immigration Appeal's decision affirming, without opinion, the Immigration Judge's ("IJ") decision that they are deportable aliens. The IJ determined that Veloquio is deportable because she is an immigrant without a valid entry document, and that Alejandro also is deportable because he was admitted into the United States on the basis of his relationship to his mother, who claims United States citizenship. Because Alejandro's petition is contingent upon his mother's citizenship claim, the petitions have been consolidated for review.

The record reflects that there is a genuine issue of material fact concerning Veloquio's claim that she is a United States citizen. Accordingly, pursuant to 8 U.S.C. § 1105a(5) (West 1994),[1] it is ORDERED that the clerk shall transfer the consolidated petitions to the United States district court for the district where Veloquio has her residence for a hearing de novo on her claim that she is a United States citizen. See Agosto v. INS, 436 U.S. 748, 756-57 (1978).

PETITIONS TRANSFERRED TO DISTRICT COURT FOR DE NOVO HEARING.

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The now-repealed statute is applicable because this case is subject to the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. See Rodriguez-Silva v. INS, 242 F.3d 243, 246 (5th Cir. 2001).